JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TALINE SOUALIAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>INTERNATIONAL COFFEE & TEA, LLC and DOES 1-10,<br><br>　　　　　　　Defendants. | No. CV 07-00502 RGK (JCx)<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:　July 14, 2008<br>Time:　9:00 a.m.<br>Crt Rm:　850<br>Judge:　Hon. R. Gary Klausner<br><br>Complaint filed: January 19, 2007<br>Trial Date:　N/A |

The Joint Motion for Final Approval of Class Action Settlement ("Motion") filed of Plaintiff Taline Soualian and Defendant International Coffee & Tea, LLC ("Defendant") came on regularly for hearing on July 14, 2008. No written objections to the Class Action Settlement ("Settlement") were submitted to the Court by class members or other interested persons, and no class member requested an opportunity to make oral argument in opposition to the Motion. Having considered all the papers submitted in connection with the Motion and heard oral argument of counsel at the hearing, and finding good cause therefore, the Court hereby adjudges, decrees and rules as follows:

1. The Court finds that the Settlement is fair, reasonable and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is finally approved;

3. The Court finds that, for the purposes of approving this settlement only and for no other purpose, the proposed Settlement Class meets all the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among members of the proposed Settlement Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Taline Soualian are typical of the claims of the members of the proposed Settlement Class; (d) Class Representative Taline Soualian will fairly and adequately protect the interests of the Members of the Settlement Class; (e) a class action is superior to other available methods for

1  an efficient adjudication of this controversy; (f) the counsel of record for the
2  Class Representative are qualified to serve as counsel for the Class
3  Representative in their own capacities as well as their representative capacities
4  and for the Settlement Class; and, (g) common issues will likely predominate
5  over individual issues.
6      4.   The Court certifies for settlement purposes only the class defined
7  in the Settlement as follows:
8       "All consumer cardholders who received electronically printed
9       receipts from Coffee Bean at the point of sale or transaction, in a
10      transaction occurring between January 1, 2005 and the date of
11      Final Approval, and wherein the receipt displayed (1) more than
12      the last five digits of the consumer cardholder's credit card or
13      debit card number, and/or (2) the expiration date of the consumer
14      cardholder's credit card or debit card."
15     5.   The Court finds that notice of the Settlement was provided to the
16 class in a reasonable manner that satisfies the requirements of due process and
17 that "best practicable notice" was given via publication in USA Today, on
18 Coffee Bean receipts and on the dedicated Coffee Bean settlement website
19 under the circumstances that neither the names nor addresses of class members
20 could be readily determined by the parties.
21     6.   The Court directs that, upon the Settlement becoming final,
22 Defendant shall distribute 48,000 Settlement Certificates to customers on
23 September 1, 2008, and continuing thereafter if necessary until 48,000
24 Settlement Certificates have been distributed, and shall honor those certificates
25 as contemplated by the Settlement.
26     7.   The Court directs that, upon the Settlement becoming final,
27 Defendant shall institute the FACTA compliance monitoring program
28

1 contemplated by the Settlement.

2     8. The Court orders that, upon the Settlement becoming final, Plaintiff's claims against Defendant are dismissed with prejudice.

4     9. The Court orders that class members who did not timely exclude themselves from the Settlement have released their claims against Defendant as set forth in the Settlement and are barred from prosecuting any such claims against Defendant.

8     10. To the extent permitted by law, the Court orders that class members who did not timely object to the Settlement or exclude themselves from the Settlement are barred from prosecuting or pursuing any appeal from the Court's order granting final approval of the Settlement

12     11. The Court directs that the clerk enter this order as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

14     12. Without affecting the finality of the final judgment entered pursuant to this order, the Court reserves continuing jurisdiction over the parties for the purpose of implementing, enforcing and/or administering the Settlement.

**SO ORDERED.**

Dated: July 23, 2008

Hon. R. Gary Klausner
United States District Judge